UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-3696 PA (AYPx) | Date | July 7, 2026 |
| Title | Dulce Fernandez Corona v. Joshua Johnson | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Motion for a Temporary Restraining Order ("TRO Motion") filed by petitioner Dulce Fernandez Corona ("Petitioner"), who is appearing pro se. (Docket No. 3). Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on July 1, 2026. The Petition names as respondent Joshua Johnson, Warden, Adelanto ICE Detention Center ("Respondent") and alleges claims based on Petitioner's prolonged detention during removal proceedings. Petitioner's TRO Motion seeks a bond hearing, or in the alternative, Petitioner's release from ICE detention.

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05. (Docket No. 7.) Pursuant to the General Order, the Court set a briefing schedule for the Petition in this case, with Respondents' Answer due seven (7) days after the Clerk's Office issued the Notice of General Order on July 6, 2026, and Petitioner's Reply due no later than 14 days after the Answer is served. This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at pp. 1, 3.) The General Order specifically states that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent irreparable harm that cannot be addressed by the . . . expedit[ed] briefing schedule." (Id. at p. 3.)

Here, Petitioner does not allege the type of imminent, irreparable harm contemplated by the General Order. Moreover, in light of the expedited briefing schedule on the underlying Petition, any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. As a result, the Court concludes that Petitioner is not entitled to emergency, ex parte relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). The Court therefore denies the TRO Motion. Proceedings on the merits of the Petition, including Petitioner's request to proceed In Forma Pauperis, continue to be referred to the assigned Magistrate Judge.

IT IS SO ORDERED.